UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA McCLELLON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| GM EXPEDITE, LLC; and STEPHEN A. JOHNSON, | ) | Civil Action No.: 3:21-cv-00993 |
| Defendants. | ) | |

## JOINT PROPOSED PRETRIAL ORDER

Cynthia C. McClellon, Plaintiff, along with GM Expedite, LLC, and Stephen A. Johnson, Defendants, files this Joint Proposed Pretrial Order.

**I.  Basis for the Court's Jurisdiction**

This Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

**II.  Concise Statement of the Action**

This is a tort case, involving a collision in which Co-Defendant Stephen A. Johnson an employee of Defendant GM Expedite, LLC, collided with Plaintiff Cynthia McClellon, causing her severe injuries.

**III.  Concise Statement of Each Party's Position**

   A.  Plaintiff

Defendant Stephen A. Johnson was negligent when he slammed into Ms. McClellon after spending the night at Gentleman's Club called Café Risque. Defendant GM Expedite was negligent in hiring, training, and supervising Mr. Johnson and negligently maintained its trucks. Ms. McClellon has suffered severe injuries caused by Defendants' negligence.

   B.  Defendants

Defendant GM Expedite, LLC. appropriately hired commercial driver and Co-Defendant, Stephen A. Johnson, as a driver for its company. While driving from Gainesville to Jacksonville on U.S. Highway 301, Mr. Johnson was involved in an accident with Ms. McClellon.

**IV.  List of Each Exhibit with a Notation of Each Objection**

   Exhibit A: Medical Records (authenticity, hearsay, specificity and vagueness)

   Exhibit B: Incident Report (Fla. Stat. §316.066(4))

   Exhibit C: McClellon Wage and Earning Statement (authenticity, hearsay, specificity, and vagueness)

   Exhibit D: Johnson Dash Cam Video

   Exhibit E: Crash Scene Photographs (Fed.R.Evid. 403, cumulative)

Exhibit F: McClellon Injury Photographs (authenticity, cumulative)

Exhibit G: Stephen Johnson Personnel File (hearsay)

Exhibit H: GM Expedite Records

**V.  List of Each Witness by Name Only (With a Notation of the Likelihood the Witness will Testify and Each Objection to the Witness's Testifying)**

    A.    Cynthia McClellon (highly likely to testify)

        Objections: None

    B.    Stephen A. Johnson (highly likely to testify)

        Objections: None

    C.    A.E. Wheeler (likely to testify)

        Objections: Hearsay - any reference to Uniform Traffic Report

    D.    Ariella Williams (likely to testify)

        Objections: Relevance

    E.    Fermon Jones (likely to testify)

        Objections: Relevance

    F.    Mirza Geko (highly likely to testify)

        Objections: None

    G.    Mirsad Bektas (likely to testify)

        Objections: None

    H.    Asher Sullivan (likely to testify)

        Objections: None

**VI.  List of Each Expert Witness (With Substance of the Testimony and Each Objection to the Witness's Testifying)**

    A.    Dr. Richard Wright (Primary Care Physician)

        Objections: (Unlisted and untimely disclosed as an expert witness unduly prejudicial)

    B.    Dr. Hoang Vu (Pain Management Physician)

        Objections: (Unlisted and untimely disclosed as an expert witness unduly prejudicial)

    C.    Dr. Jason Rosenberg (Plastic Surgeon)

        Objections: (Unlisted and untimely disclosed as an expert witness unduly prejudicial)

    D.    Dr. Flora Ann Pinder (Vocational Expert)

        Objections: (Unlisted and untimely disclosed as an expert witness unduly prejudicial)

    E.    Dr. Robert McLeod (Financial Expert)

        Objections: (Unlisted and untimely disclosed as an expert witness unduly prejudicial)

    F.    Dr. Peter M. Schosheim (Medical Records Review)

        Objections: (Unlisted and untimely disclosed unduly prejudicial)

    G.    Dr. Eric Gabriel (Conducted CME of the Plaintiff and review of medical records to render opinions as to causation and reasonableness of treatment).

        Objections:  (Unlisted and untimely disclosed unduly prejudicial)

**VII. Breakdown of Type and Amount of Monetary Damages**

A. Lost Wages and Retirement $988,416.00

B. Medical Bills
| | |
|---|---|
| Clay County Fire and Rescue | $1410.00 |
| Orange Park Medical Center | $153,160.50 |
| Orange Park Medical Center | $63,427.50 |
| Orthopaedic Institute | $18.566.00 |
| Paragon Emergency Services | $2854.00 |
| Primary Care Center of Lake City | $4652.00 |
| Neurology Center of North Florida | $862.00 |
| National Spine and Pain Center | $1481.00 |
| Florida Women's Care LLC | $410.00 |
| North Florida Surgeons, PA | $2176.00 |
| First Coast Neurology | $596.00 |
| Florida Pain & Rehab | $1000.00 |
| North Florida Regional Med Center | $10,405.00 |
| **TOTAL** | **$262,000.00** |

**VIII. List of Deposition Offered in Lieu of Live Testimony**

All witnesses are expected to appear live.

**IX. Concise Statement of Each Admitted Fact**

A. Stephen Johnson acted negligently when he collided with Ms. McClellon.

**X. Concise Statement of Each Agreed Principle of Law**

A. If a jury were to find that Stephen Johnson was acting within the course and scope of his employment then GM Expedite is vicariously liable for the negligence of Mr. Johnson.

**XI. Concise Statement of Each Issue of Fact**

A. Whether GM Expedite was directly negligent through negligent hiring, training, or supervision of Mr. Johnson.

B. The extent and severity of Plaintiff's damages.

## XII. Concise Statement of Each Issue of Law

A. Whether Stephen Johnson was acting within the course and scope of his employment with G.M. Expedite at the time of the accident

## XIII. Pending Motion or Unresolved Issues

A. Motions in Limine
B. Untimely/Undisclosed Expert Witnesses
C. Motion to Compel Production of Supplemental Discovery Response

## XIV. Statement of the Usefulness of Further Settlement Discussions

Further settlement discussions may be useful. The parties were close to settlement at one point, but the settlement discussions have recently stalled.

Plaintiff's and Defendants' counsel each certify by their signatures below: "In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action."

                                              Respectfully Submitted,

                              By:   */s/ E. Kirk Wood*
                                      E. KIRK WOOD (#831816)
                                      Attorney for Plaintiff

**OF COUNSEL:**

**E. KIRK WOOD**
**MICHAEL E. GURLEY, JR.**
**WOOD LAW FIRM, LLC**
P. O. Box 382434
Birmingham, Alabama 35238-2434

Telephone: (205) 612-0243
Facsimile: (866) 747-3905
Kirk@Woodlawfirmllc.com
mgurleyjr@yahoo.com

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant, GM EXPEDITE, LLC*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6756
Facsimile (305) 373-2294
Email: joe.goldberg@csklegal.com
       antwon.emery@csklegal.com


GrayRobinson, P.A.
*Co-Counsel for Defendant, GM EXPEDITE, LLC*
301 East Pine Street,
Suite #1400
Orlando, FL 32801
Telephone: (407) 843-8880
Facsimile: (407) 244-5690
Email: rich.barry@gray-robinson.com


**CERTIFICATE OF SERVICE**


INSERT

               By: */s/ E. Kirk Wood*
                    E. KIRK WOOD
                    Attorney for Plaintiff