UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CYNTHIA McCLELLON,

    Plaintiff,

v.                                    CASE NO.  3:21-cv-993-TJC-MCR

GM EXPEDITE, LLC and
STEPHEN A. JOHNSON,

    Defendants.

_____/

**DEFENDANTS' GM EXPEDITE LLC AND STEPHEN A. JOHNSON'S AMENDED MOTION IN LIMINE REGARDING EVIDENCE OF LIABILITY[1]**

    Defendants, GM EXPEDITE, LLC, and STEPHEN A. JOHNSON, by and through their undersigned counsel, hereby file this Amended Motion in Limine to prevent certain material from disclosure at the trial in this cause as such disclosure would be grounds for a mistrial, among other sanctions, as follows:

    1.    This lawsuit is based on a terrible motor vehicle accident involving a tractor trailer owned by Defendant GM Expedite and operated by Defendant Stephen A. Johnson. The tractor trailer impacted the rear of a vehicle occupied by Plaintiff, causing various injuries. The parties have all agreed on several issues of fact which are included in the Joint Proposed Pretrial Order recently filed

---

[1] Amended to include Local Rule 302(g) Certification which was inadvertently omitted in prior Motion.

Page **1** of **5**

[DE #90].  Pursuant to that agreement, both Defendant Johnson's negligence in causing the accident and Defendant GM Expedite's vicarious liability as his employer were admitted.  As such, those issues require no proof at trial.

2. Plaintiff has indicated that she plans to admit several items into evidence at trial that pertain only to the admitted issues of liability and which, therefore, serve no purpose other than to inflame and/or confuse the jury.  For instance, evidence tending to show that Defendant GM Expedite was negligent when it hired Defendant Johnson is improper given the agreed admissions.  Likewise, evidence that Defendant Johnson spent time at an exotic dancing establishment earlier on the day of the crash or that he haphazardly installed a large refrigerator in the passenger seat of his tractor has no relevance, since his fault in the crash is established by agreement.  These items should be excluded from trial not only because they have no probative value, but because they would serve no purpose at all other than to inflame the jury, causing significant unwarranted prejudice to befall the Defendants.

3. Evidence of direct corporate negligence theories is not allowed at trial when vicarious liability is admitted or where the corporate defendant "has not denied ownership or permitted use of the truck driven by [the allegedly negligent driver]," and the direct negligence theories would "impose no additional liability…" *Clooney v. Geeting*, 352 So. 2d 1216, 1220 (Fla. Dist. Ct. App. 1977) (cited

in *Wilson v. Davis*, 2022 WL 7568315, at *1 (M.D. Fla. Oct. 13, 2022). Here, as in *Clooney* and *Wilson*, no additional liability can be imposed, no additional elements of damage claimed, nor alternative theories of recovery advanced based on either the direct corporate liability claims against Defendant GM Expedite in the Complaint or the evidence of poor behavior by Defendant Johnson prior to the crash. Therefore, "[j]ustice requires … that … [w]here these theories impose no additional liability in a motor vehicle accident case, a trial court should not allow them to be presented to the jury." *Id.*

WHEREFORE, the Defendants jointly respectfully request that all evidence related to direct corporate negligence theories or actions of the driver be barred from use at trial and any other relief consistent with this Motion that this Court deems appropriate.

Dated:  August 22, 2025

/s/ *Richard L. Barry*
**RICHARD L. BARRY, ESQUIRE**
Florida Bar No. 360650
richard.barry@gray-robinson.com
GRAY | ROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32802
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690

    - and –

/s/ Christopher M. McShane
**CHRISTOPHER M. McSHANE, ESQ.**
Florida Bar No. 177512
**MICHELLE LYNN FIORELLO, ESQ.**
Florida Bar No. 1017970
RESNICK & LOUIS, P.C.
4040 N.E. 2nd Avenue, #6D
Miami, Florida 33137
Telephone:  (786) 312-1302
cmcshane@rlattorneys.com
mfiorello@rlattorneys.com
vhuff@rlattorneys.com
ngarcia@rlattorneys.com

**ANTWON M. EMERY, ESQUIRE**  *Counsel for Defendant, Stephen A. Johnson*
Florida Bar No. 32542
antwon.emery@csklegal.com
COLE, SCOTT & KISSANE, P.A.
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: (786) 268-6712
Facsimile: (305) 373-2294

*Co-Counsel for Defendant, GM*
  *Expedite, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Richard L. Barry*
Richard L. Barry

## **LOCAL RULE 3.02(g) CERTIFICATION**

Counsel for Defendant, GM EXPEDITE, LLC, and on behalf of Defendant STEPHEN A. JOHNSON, has conferred with Plaintiff's counsel in an effort to resolve the issues herein. Plaintiff's counsel is opposed/does not agree to the relief requested herein. Undersigned counsel conferred with Plaintiff's counsel telephonically on August 19, 2025 prior to the filing of the original motion on this subject [DE #91] and this Certification was inadvertently omitted due to a clerical error.

　　　　　　　　　　　　　　　　　　　　*/s/ Richard L. Barry*
　　　　　　　　　　　　　　　　　　　　Richard L. Barry

/142532/2#64568575 v1
/142532/2#64568575 v1