UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CYNTHIA McCLELLON,

    Plaintiff,

v.                               CASE NO.  3:21-cv-993-TJC-MCR

GM EXPEDITE, LLC and
STEPHEN A. JOHNSON,

    Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTIONS IN LIMINE, PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED MOTIONS IN LIMINE, AND PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

    Defendant, GM EXPEDITE, LLC, and STEPHEN A. JOHNSON, by and through their undersigned counsel, hereby file this Reply to Plaintiff's Motion to Strike Defendants' Motions in Limine [D.E. 97], Plaintiff's Response to Defendants' Amended Motions in Limine [D.E. 103], and Plaintiff's Notice of Supplemental Authority [D.E. 111], and states as follows:

    1.    In her various reactions to the Defendants' Motions in Limine, Plaintiff asserts that no conferral on the substance of any of the Motions took place.  In fact, the Parties did confer, discuss, and otherwise interact regarding virtually all issues raised by the Motions prior to their filing.  Those interactions were not always in the

context of specific potential motions in limine, but occurred during numerous meetings and collaborations during discovery, at depositions, during settlement efforts, and during pre-trial conferences specifically intended to analyze and find agreement on evidentiary matters. However, there may have been some issues within the eventual Motions that were missed or only tangentially addressed.

2. Prior to filing the Motions at issues, on August 19, 2025, Defendants' counsel, Richard L. Barry, and Plaintiff's counsel, E. Kirk Wood, conferred via telephone on a variety of issues, including proposed jury instructions, the pretrial order that the parties were required to work on together, and other evidentiary issues. Counsel Wood first raised the issues of pre-trial motions or objections to be filed and a conversation on those items ensued. Evidentiary issues, some which were eventually included in the Defendants' Motions in Limine, were discussed in some detail, including limitations on medical bill evidence, relevance (or lack thereof) of evidence related to the hiring and training of the truck driver, potential limitations or exclusions of expert evidence related to mental health and employability, and the last-minute replacement of Plaintiff's medical expert. Later that evening, the five Motions at issue were filed [D.E. 91, 92, 93, 94, 95].

3. Regrettably, the required Local Rule 3.01(g) certification of conferral on those issues was omitted when the Motions were filed. Immediately after the omission was discovered, Defendants communicated with Plaintiff to rectify the

situation. After a delay due to scheduling conflicts, a telephone call on the issue was held on the afternoon of August 22, 2025 between Counsel Wood and Counsel Barry. During that lengthy call, the issue of Rule 3.01(g) conferral on the issues in the Motions was discussed. Counsel Barry inquired whether Counsel Wood thought that additional/supplemental conferral was requested or needed and was given the impression that no such further conferral would be required.[1] Counsel Wood did mention, however, that another attorney working on the case was preparing a motion on the conferral issue. Based on the cordial nature of the discussion, however, no detailed conferral on the merits of the issues was held. Amended Motions, including the conferral certificate, were then finalized for filing.

4.   Within minutes of the conclusion of the August 22, 2025 phone call, Plaintiff filed her Motion to Strike [D.E. 97].[2] Shortly thereafter the amended defense Motions, including the required certificates, were filed [D.E. 98, 99, 100, 101].

5.   On August 25, 2025, Plaintiff filed their Response to Defendants' Amended Motions in Limine [D.E. 103]. Defense counsel was surprised and confused by this filing, as there had by then been several general and at least two specific conferrals – on August 19 and 22.

---

[1] To the extent a misunderstanding on this issue is claimed, this passage indicates Counsel Barry's recollection only.
[2] Plaintiff's Motion to Strike [D.E. 97] does contain a conferral certificate, although the 'conferral' that actually occurred amounted to comment that such a motion was in development.

6.  On September 8, 2025, Plaintiff filed their Notice of Supplemental Authority [D.E. 111]. Plaintiff cites to the case of *Warner v. Sch. Bd. of Hillsborough Cty*, No. 8-23-cv-1029-SDM-SPF, 2023 U.S. Dist. LEXIS 131370, at *5-6 (M.D. Fla. 2023). In *Warner*, the defendant filed a motion to dismiss without a conferral certification, plaintiff filed a "notice of lack of Local Rule 3.01(g) compliance", and then defendant filed an amended motion to dismiss adding a conferral certification. Unfortunately, the order is silent as to the exact timeline and truthfulness of conferral allegations, it merely states "[plaintiff] responded to the amended motion and asserted that the 3.01(g) certificate falsely represented the conference. The first motion (Doc. 21) to dismiss the amended complaint is STRICKEN for failure to comply with Local Rule 3.01(g)." *See Id*. Without further insight into the background timeline and the truthfulness of the opposing parties' allegations, Defendants do not believe that *Warner* is of any weight here.

7.  On September 9, 2025, Defendants' Counsel Barry, Emery, and McShane conversed with Plaintiff's Counsel Wood regarding Defendants' confusion with Plaintiff's persistent filings despite the perceived agreement as to the conferrals. Rather than hold an informal or general discussion of the pending issues, the attorneys moved slowly and methodically through the Motions in Limine, discussing each nuance of each motion to identify points of disagreement. As anticipated from the substance of various previous evidentiary discussions,

some agreements in principle were reached and multiple disagreements were identified and clarified. However, none of the issues were able to be finalized or resolved absent Court intervention and all Motions remain pending.

8. The current dispute amounts to a misunderstanding. The statements of fact within this motion are attested to by undersigned counsel but are not meant to belittle or impugn the perspectives or recollection of any other person. Based on the Defendants assert that the Plaintiffs' Motions to Strike are moot and should be denied, if not withdrawn. To ensure a fair trial, the issues addressed in the Motions should be decided by the Court. Otherwise, the Parties to this lawsuit will suffer prejudice rooted in a misunderstanding between their attorneys.

WHEREFORE, Defendants respectfully request this Court enter an Order denying Plaintiff's Motion to Strike Defendants' Motions in Limine [D.E. 97], and overruling Plaintiff's Response to Defendants' Amended Motions in Limine [D.E. 103].

Dated: September 10, 2025

/s/ *Richard L. Barry*
**RICHARD L. BARRY, ESQUIRE**
Florida Bar No. 360650
richard.barry@gray-robinson.com
GRAY | ROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

/s/ Christopher M. McShane
**CHRISTOPHER M. McSHANE, ESQ.**
Florida Bar No. 177512
**MICHELLE LYNN FIORELLO, ESQ.**
Florida Bar No. 1017970
RESNICK & LOUIS, P.C.
4040 N.E. 2nd Avenue, #6D
Miami, Florida 33137
Telephone: (786) 312-1302
cmcshane@rlattorneys.com

|   |   |
|---|---|
| - and – | mfiorello@rlattorneys.com<br>vhuff@rlattorneys.com<br>ngarcia@rlattorneys.com<br><br>*Counsel for Defendant, Stephen A. Johnson* |

**ANTWON M. EMERY, ESQUIRE**
Florida Bar No. 32542
antwon.emery@csklegal.com
COLE, SCOTT & KISSANE, P.A.
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: (786) 268-6712
Facsimile: (305) 373-2294

*Co-Counsel for Defendant, GM Expedite, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Richard L. Barry*
Richard L. Barry